## UNITED STATES *v.* LIES.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 235.   Argued April 26, 1898. — Decided May 23, 1898.

When the Government takes no appeal from the action of the board of appraisers upon an importer's protest, made under the act of June 10, 1890, c. 407, it is bound by that action; and in case the importer appeals from that action, and subsequently abandons his appeal, the Government cannot claim to be heard, but it is the duty of the court to affirm the decision of the appraisers.

THIS case comes here by virtue of a writ of certiorari, issued to the Circuit Court of Appeals for the Second Circuit. It arose out of a conflict of views between the collector and the importers as to the manner of classification and the rate of duty to be imposed upon an importation of tobacco.

The importers had imported through the port of New York a certain amount of leaf tobacco, which was classified for duty by the collector of that port, a portion at 75 cents and another portion at 35 cents per pound, under paragraphs 246 and 247 of schedule F of the tariff act of March 3, 1883, c. 121, 22 Stat. 488, 503. As the decision herein does not turn upon those provisions, they are not set forth.

The importers were dissatisfied with the matter of classification and with the duties imposed, and therefore, pursuant to section 14 of "An act to simplify the laws in relation to the collection of revenues," approved June 10, 1890, c. 407, 26 Stat. 131, 137, gave notice in writing to the collector, setting

forth therein, by way of protest, distinctly and specifically, the reasons for their objections. Section 15 of the same act provides for a further review.

The sections of the act, so far as material, are set forth in the margin.[1]

---

[1] SEC. 14. That the decision of the collector as to the rate and amount of duties chargeable upon imported merchandise, including all dutiable costs and charges, and as to all fees and exactions of whatever character, (except duties on tonnage,) shall be final and conclusive against all persons interested therein, unless the owner . . . give notice in writing to the collector, setting forth therein distinctly and specifically, and in respect to each entry or payment, the reasons for his objections thereto, and if the merchandise is entered for consumption shall pay the full amount of the duties and charges ascertained to be due thereon. Upon such notice and payment the collector shall transmit the invoice and all the papers and exhibits connected therewith to the board of three general appraisers, . . . which board shall examine and decide the case thus submitted, and their decision or that of a majority of them, shall be final and conclusive upon all persons interested therein, and the record shall be transmitted to the proper collector or person acting as such, who shall liquidate the entry accordingly, except in cases where an application shall be filed in the Circuit Court within the time and in the manner provided for in section fifteen of this act.

SEC. 15. That if the owner, importer, consignee or agent of any imported merchandise, *or the collector, or the Secretary of the Treasury,* shall be dissatisfied with the decision of the board of general appraisers, as provided for in section fourteen of this act, as to the construction of the law and the facts respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, they or either of them may, within thirty days next after such decision, and not afterwards, apply to the Circuit Court of the United States within the district in which the matter arises, for a review of the questions of law and fact involved in such decision. Such application shall be made by filing in the office of the clerk of said Circuit Court a concise statement of the errors of law and fact complained of, and a copy of such statement shall be served on the collector, or on the importer, owner, consignee or agent, as the case may be. Thereupon the court shall order the board of appraisers to return to said Circuit Court the record and the evidence taken by them, together with a certified statement of the facts involved in the case, and their decisions thereon; and all the evidence taken by and before said appraisers shall be competent evidence before said Circuit Court; and within twenty days after the aforesaid return is made the court may, upon the application of the Secretary of the Treasury, the collector of the port, or the importer, owner, consignee or agent, as the case may be, refer it to one of said general appraisers, as an officer of the court, to take and return to the court

The protest made by the importers was a detailed and comprehensive statement, and it was evidently intended to cover, all possible objections and claims upon the subject of the proper duties to be collected from and the classification of the tobacco.

The board of appraisers on the 18th of July, 1893, decided the various questions raised by the protest of the importers, and held, among other things, that the bales of tobacco had been properly opened and examined by the appraiser, although only one bale in ten had been examined; that a fair average had been made under section 2901 of the Revised Statutes, and while the examination might not have furnished a precise description of the goods, the board held there was no reason to suppose that it was not as favorable to the importer as to the Government. All the questions were decided against the importer with the exception that the decision of the board closed as follows : "In the absence of the merchandise and of any evidence to impugn the returns of the appraiser, or to show the character of the tobacco, we find that the returns were correct, and in accordance therewith we hold that in the reliquidation the lots must be prorated according to such returns; that is to say, that the proportion of the aggregate weight of the total number of bales examined in a lot, to be dutiable at 75 cents or 35 cents a pound, shall be estimated according to the proportion of the number of bales examined and returned by the appraiser as containing upward of 85 per

such further evidence as may be offered by the Secretary of the Treasury, collector, importer, owner, consignee or agent, within sixty days thereafter, in such order and under such rules as the court may prescribe; and such further evidence with the aforesaid returns shall constitute the record upon which said Circuit Court shall give priority to and proceed to hear and determine the questions of law and fact involved in such decision, respecting the classification of such merchandise and the rate of duty imposed thereon under such classification, and the decision of such court shall be final, and the proper collector, or person acting as such, shall liquidate the entry accordingly, unless such court shall be of opinion that the question involved is of such importance as to require a review of such decision, etc. (The balance of the section is rendered obsolete by the act of 1891 providing a Circuit Court of Appeals to which such appeals now go instead of to this court. 26 Stat. 826; Supplement to R. S., pages 901, 903, sec. 6.)

cent or less of wrapper tobacco. To this extent the protests are sustained; otherwise the decisions of the collector are affirmed."

It is now claimed by the Government that the direction in regard to the reliquidation, as above quoted and which was favorable to the importer, was erroneous, and that the result of prorating, as directed in the decision, will be to reduce the amount of the duties to be collected on account of the tobacco.

The importers were dissatisfied with the decision of the board in overruling their protest as to the rate and amount of duty chargeable on the tobacco, and therefore, on August 15, 1893, they applied to the Circuit Court of the United States, sitting in the city of New York, for a review of the questions of law and fact involved in such decision. The Government made no application of any kind, although the order of the board showed upon its face that, in respect to prorating, it altered the decision of the collector and to the extent of the alteration it was favorable to the importers. The Circuit Court upon reading and filing the application of the importers made an order that the board of appraisers should return to that court the record, together with a certified statement of facts in the case and their decision thereon, and in pursuance of that order the board made return of the record, etc., and after such return had been made the importers filed a petition stating their desire to present further evidence in the matter, and an order was entered that it be referred to General Appraiser Sharpe to take and return to the court such further evidence as might be offered.

The only evidence taken before the general appraiser was "the entry in this case by the Rotterdam, June 30, 1890, entry number 104,642, and the invoice and other papers accompanying the same or thereto attached, with the exception of the protest."

No further proceedings were taken in the Circuit Court until the 19th of December, 1895. At that time the importers had become convinced that they could not succeed upon their appeal, and, as appears from the order of the court when the case came on for hearing and determination before it, they

"conceded in open court that there was no error in said decision of the board of general appraisers, and it having been contended on behalf of the collector and Secretary of the Treasury that the said decision of the board of general appraisers should be reversed for manifest error therein ;

"And the court having ruled that the collector and Secretary of the Treasury, or either of them, could not be allowed to impeach or in any way object to the said decision of the board of general appraisers, because they had not proceeded under the statute to seek a review of such decision of the said board of general appraisers ;

\*  \*  \*  \*  \*

"It is ordered, adjudged and decreed that the decision of the board of general appraisers be and the same is hereby in all things affirmed."

It appeared in the record that no application, pursuant to section 15 of the act above mentioned, for a review of the decision of the board of general appraisers, had been made by the collector or the Secretary of the Treasury.

An appeal having been taken, by the Government, to the United States Circuit Court of Appeals for the Second Circuit from the judgment of the Circuit Court, the judgment appealed from was in all things affirmed. 38 U. S. App. 655. Upon the application of the Government a writ of certiorari from this court was issued, and the case brought here for review.

*Mr. Solicitor General* for the United States.

*Mr. W. Wickham Smith* for Lies & Co. *Mr. Charles Curie* was on his brief.

MR. JUSTICE PECKHAM, after stating the facts, delivered the opinion of the court.

The Circuit Court of Appeals held that the Circuit Court was right in refusing the request of the Government to reverse the order of the board of general appraisers. The ground of the refusal of the Circuit Court was that the United

States had not proceeded in accordance with the provisions of section 15 of the act above quoted in order to have the right to ask for such reversal, and that when the importers, who had sought the review pursuant to the statute, conceded the correctness of the decision of the board of general appraisers and withdrew further opposition, it was the duty of the court to affirm the decision of the board, and the Government could not be heard to ask for a reversal of the order in the absence of an appeal by it.

The act of 1890 (above cited), under which reviews in relation to revenue decisions are to be taken, was passed "to simplify the laws in relation to the collection of the revenues." It provides a particular system of procedure for obtaining a review of the decisions of the collector and of the board of general appraisers in revenue matters. Compliance with the provisions of the act is necessary in order that a review may be had on the part and for the benefit of the Government as well as on that of the importers.

Under section 14, the decision of the collector is final and conclusive unless the owner, if dissatisfied with the decision, give notice in writing to the collector setting forth therein distinctly and specifically his objections. If such notice be given, the collector transmits the invoice and all the papers and exhibits connected therewith to the board of general appraisers, which then examines and decides the case thus submitted, and the decision of the board, or that of a majority, is final and conclusive upon all persons interested therein, except in cases where an application is filed in the Circuit Court, within the time and in the manner provided for in the following (fifteenth) section.

In that section, provision is made not only for a review by the importer, but it expressly includes the case where the collector or the Secretary of the Treasury shall be dissatisfied with the decision of the board, and it provides that the importer or the collector, or the Secretary of the Treasury, may, within thirty days after the decision, and not afterwards, apply to the Circuit Court of the United States for a review of the questions of law and fact involved in such decision.

The section provides further that the application shall be made by filing in the office of the clerk of the Circuit Court a concise statement of the errors of law and fact complained of, and by serving a copy of such statement on the collector in the case of a review on the part of the importer, and in case of a review on the part of the collector this copy is to be served on the importer, consignee or agent, as the case may be.

If therefore the Government, through the collector or the Secretary of the Treasury, seeks to review a decision made by the board of general appraisers because either of such officers may think such decision is in any or all of its provisions too favorable to the importer, the section (15) provides the way and the only way in which that review is to be obtained. If neither officer should take the proceedings so provided for, by applying for a review and filing with the clerk the statement of the errors of law and fact of which he complains and by serving a copy upon the importer, then the officer could not ask for a reversal of the decision, for it is clear that the appeal on the part of the importer would not give the Government that right. What would be the purpose of the provision for filing and serving this paper defining the errors of law and fact complained of, if, without it, the decision or any part of it made by the board could be reversed upon the application of the Government made on the appeal of the importer? The plan of the statute evidently contemplates action by both parties if both are dissatisfied.

We do not think the act can be fairly construed as meaning that where one party takes an appeal and files his statement of the errors of law and fact complained of by him and serves the same upon the opposite party, the latter can without himself making any application for a review, and, without filing or serving any statement of errors complained of, seek a reversal of the decision of the board upon any ground whatever. The fact that one party appeals furnishes no reason for holding that the other can obtain all the benefits of an appeal himself, without complying in any particular with the statute giving an appeal. There would be no reason

or fairness in so providing, and we are of opinion the statute properly construed does not so provide.

When therefore the case is before the Circuit Court upon the sole application of the importer, and he then admits that his appeal cannot be supported in law, and concedes that the decision of the board of general appraisers should be affirmed, the court ought to affirm that decision, and the Government cannot be heard to claim that the decision of the board or any part thereof should be reversed.

It is said that the Circuit Court, when the case was called and the importer conceded that the decision of the board of general appraisers was right, should have dismissed the case, and that it ought not to have affirmed the judgment of the board. The proceedings up to the time when the case was called in the Circuit Court had been regular, and the case was properly pending in that court for the purpose of a review upon the appeal of the importer. It lost no jurisdiction to proceed because of the confession of the importer that his appeal was without merit, but, on the contrary, when the confession was made, it amounted to the same thing as if after opposition the court had so decided, and, in that case, of course, the judgment would be affirmed.

When section fifteen provides that the Circuit Court shall " proceed to hear and determine the questions of law and fact involved in such decision," it means the decision of the board of general appraisers, which was properly brought before the court by virtue of an application regularly filed to obtain such review by the party against whom the decision was made, and we do not think it was ever intended to permit the court to reverse the decision at the instance of a party who had asked for no review and taken no proceedings to obtain it. This would be neither just nor fair, and it would result in erasing from the statute the provision for filing and serving the statement of the questions of law and fact complained of and a review of which was the object of the application. The statute ought not to be so construed as to permit such a review unless its language plainly demands it, which is not the case in this instance.

In the case of *In re Crowley*, 50 Fed. Rep. 165, the Circuit Court for the Southern District of New York decided this principle, only in that case it was against the importer. The collector sought a review of the decision of the board of general appraisers and the court affirmed the decision as made, but declined the importer's request to examine the question whether the board had correctly determined certain other matters, for the reason that the importer had made no statement of any error of law or fact complained of touching that decision, and had made no application for a review of the decision in that particular. We think the same rule applies here.

Whether the collector has any right to reliquidate for the purpose of assessing higher duties under some sections of the Revised Statutes, where an error is alleged to have been discovered in the original liquidation, it is not necessary to here determine. He has no right under this statute to a reversal of the decision of the board of general appraisers.

The cases cited by the learned counsel for the Government in relation to the California land titles, *United States* v. *Ritchie*, 17 How. 525, and *Grisar* v. *McDowell*, 6 Wall. 363, we think have no application, and do not aid in the proper construction of the act before us.

Although the Circuit Court has, upon the application of the parties, power to take further testimony after the case is brought before it, and to that extent it may be regarded as something in the nature of a new proceeding, yet the proper procedure in deciding the appeal is in nowise altered thereby, and unless a party has appealed, and filed and served his statement as above mentioned, the court ought not to reverse on his motion.

It is immaterial that the application is not named an appeal. It is such in substance, and the grounds and reasons for the appeal are to be stated. Although the board of general appraisers may not be a court, yet the proceedings to review its determination are pointed out by the statute, and they must be substantially followed and obeyed.

If the Government desire to review any decision of the

board, it can do so by complying with the statute and stating wherein it complains of such decision. If it make no complaint, it may be regarded as satisfied with the decision as made.

As the Government in this case took no proceedings to review the decision of the board of general appraisers, it cannot be heard to object to an affirmance of such decision.

The judgment of the Circuit Court of Appeals must be

*Affirmed.*