SURGICAL SUPPLY IMPORTING Co. *v.* UNITED STATES (No. 772).[1]

1. NARROW STRIPS OF COTTON CLOTH.
     Narrow individual strips of cotton cloth about 5 yards in length, wrapped, labeled, and ready for use as bandages are not to be deemed woven fabrics of cotton in the piece or cut in lengths. They are manufactures of cotton not specially provided for and are dutiable under paragraph 332, tariff act of 1909.

2. BANDINGS AND RIBBONS.
     The question was not raised by the pleadings as to whether the above goods are or are not the bandings and ribbons of paragraph 349, tariff act of 1909, and the issue may not here be extended to cover that question by a mere suggestion on behalf of the Government. That question was a proper one for appeal.

3. NARROW PIECES OF COTTON GAUZE.
     The remaining importations are without a commercial designation, but the authorities (the lexicons) seem to make it clear they are bands, and they are dutiable as such under paragraph 349, tariff act of 1909.

United States Court of Customs Appeals, March 26, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26619 (T. D. 31866).

[Affirmed.]

*Brown & Gerry* for appellant.
*William L. Wemple,* Assistant Attorney General (*Thomas J. Doherty* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This appeal, covering several cases, involves two distinct classes of merchandise. One class of goods is designated as the "Ideal" bandage, which consists of narrow strips of cotton cloth about 5 yards in length, put up in individual lengths duly wrapped and labeled and ready for the consumer. These were assessed for duty at 45 per cent ad valorem under paragraph 332 of the tariff act of 1909, which reads as follows:

All articles made from cotton cloth, whether finished or unfinished, and all manufactures of cotton, or of which cotton is the component material of chief value, not specially provided for in this section, forty-five per centum ad valorem.

[1] Reported in T. D. 32364 (22 Treas. Dec., 535).

As to these goods the claim of the appellants is that they are entitled to entry as countable cotton cloth under paragraphs 315 and 320 of the act of 1909.

Paragraph 320 of the tariff act reads as follows:

The term cotton cloth, wherever used in the paragraphs of this schedule, unless otherwise specifically provided for, shall be held to include all woven fabrics of cotton in the piece or cut in lengths, whether figured, fancy, or plain, the warp and filling threads of which can be counted by unraveling or other practicable means, and shall not include any article, finished or unfinished, made from cotton cloth.

This corresponds to paragraph 310 of the tariff act of 1897, which read:

The term cotton cloth, or cloth, wherever used in the paragraphs of this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton in the piece or otherwise, whether figured, fancy, or plain, the warp and filling threads of which can be counted by unraveling or other practicable means.

Under this last quoted paragraph a considerable number of cases arose which called for a construction of the words "or otherwise," and a number of articles which could not by any stretch have been held to be dutiable as woven fabrics in the piece were held dutiable under this provision by reason of the appearance of the words "or otherwise." See Stern *v.* United States (123 Fed. Rep., 192), United States *v.* Bernhard (150 Fed. Rep., 375). It is manifest that the change in the phraseology of the corresponding paragraph to that adopted in paragraph 320 of the act of 1909 was made in view of these decisions, and we have now the restricted phrase "woven fabrics of cotton in the piece or cut in lengths." Assuming that plain woven cotton cloth cut crosswise of the piece falls within the description "cut in lengths" and that that phrase is not in any way restricted by commercial understanding, still the articles here under consideration must be held to fall outside the classification claimed, for not only has the original cloth been cut in lengths, but it is also cut in widths and put in packages ready for use. The very fact that provision is made for the cutting of cotton fabrics in lengths implies that when cut in any other form they are excluded from the paragraph.

We think it altogether clear that these articles can not be held to be woven fabrics in the piece. The ordinary understanding of woven fabrics in the piece, we take it to be the fabric as it comes in the piece from the loom, and if this language stood alone that would limit the term "cotton cloth" as defined by paragraph 320. The only extension of this term is to make it include woven fabrics in the piece cut in lengths. That does not include the article here in question. The Board of General Appraisers was of this opinion and affirmed the action of the collector.

It is now urged by Government's counsel that we should declare that these strips fall fairly within the scope of the provisions for bandings and ribbons in paragraph 349 of the act of 1909. This question as to these goods is not discussed in the brief of importers'

counsel, as it was not involved in the appeal. The Government has taken no appeal here, and any expression of opinion which we might indulge upon this contention would be mere *dicta*. We can only pass upon the case presented to this court upon the appeal, and the issue upon this branch of the case upon the importers' appeal is restricted to the question of whether the importation falls within paragraph 320. It is not open to the Government to extend the issue by a suggestion in this court. If a review was desired by the Government of the action of the board on this question, an appeal should have been taken on its behalf. United States *v.* Lies (170 U. S., 628).

The second class of goods was described in the special report of the local appraiser as cotton gauze ribbons, and duty was assessed thereon under the specific provisions for cotton goods in paragraph 349. The Board of General Appraisers held that these goods were properly assessed under that paragraph as bands or ribbons and they were so classified. The appellants urge as to these cottons that they are likewise entitled to entry as countable cotton cloth, or else are dutiable under paragraph 332 as articles made from cotton cloth.

The board held that the articles did not fall within the definition of cotton cloth as given in paragraph 320 of the act of 1909 as woven fabrics of cotton in the piece or cut in lengths, and affirmed the action of the collector, upon the ground that the goods fell within the popular and general meaning of the term "band." The contention made by the importer in this court as to this branch of the case is that these goods are not properly ribbons or bands within the ordinary meaning of those terms, and it is said that no commercial meaning having been shown the ordinary meaning of the terms should apply.

It is true that there was in this case no evidence of commercial usage fixing the meaning of the term bands. We have to turn, therefore, to the lexicographers to ascertain the ordinary meaning of the term. In Worcester the third definition given of bands is, "Anything bound round another; a bandage; a fillet."

In the Century Dictionary, in the second classification, the definition given is as follows:

(1) A flat strip of any material, but especially any flexible material, used to bind round anything; a fillet, as a rubber band; a band around the head; a hatband. (2) Anything resembling a band in form or function; (*a*) a bandage.

Murray gives the definition—

(1) A strip of any material flat and thin, used to bind together, clasp, or gird.

And as another definition—

A strip of linen, or the like, to swathe the body or any part of it; a bandage.

Clearly the words bands or bandings bring the present importation within these definitions, and the Board of General Appraisers did not err in classifying the second class of goods under paragraph 349. The decision of the board is *affirmed*.