## UNITED STATES *v.* ROTHSCHILD & Co. (No. 831).[1]

### STATEMENT.

The cause was originally docketed in San Francisco. In New York, on December 13, 1911, a previous order of August 21 denying a rehearing was vacated and set aside by the board, a rehearing granted, and the board, without giving notice of its proceedings to the parties at interest or a motion therefor, reconsidered the case and gave judgment, duly entered, sustaining the protest.

1. NOTICE.

There was error in the failure to give notice to counsel for the Government or to any of the parties of the final hearing and determination of the case.

2. DOCKETING A CAUSE.

Under the rules of the board both the importer and the Government had a right to expect the case would be duly docketed at the port of San Francisco at the next regular hearing. The board was without authority to set the case for a rehearing on a regular trial day, even at the port of New York.

### United States Court of Customs Appeals, May 17, 1912.

APPEAL from Board of United States General Appraisers, Abstract 26189 (T. D. 31774) and Abstract 27386 (T. D. 32089).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Charles E. McNabb*, assistant attorney, of counsel; *William K. Payne*, Deputy Assistant Attorney General, on the brief), for the United States.

*William Hayward* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This appeal brings here for consideration a question of practice by a board of three general appraisers sitting as a classification board.

The procedure of the board, as conceded in the record, was as follows:

July 22, 1911, a protest was overruled, as stated by the board, in default of appearance ("no evidence having been introduced at the hearing by the importers, and they having failed to submit their case on the record, and nothing having been found by the board in the record to justify a reversal of the collector's decision"), it was affirmed by judgment duly entered.

August 21, 1911, application was made by the importer, appellee here, by telegraph from San Francisco, Cal., for a rehearing, which application was duly filed with said board.

August 21, 1911, the same day, said application for rehearing was denied.

November 24, 1911, an application was filed before the board to vacate the order of August 21, 1911, denying a rehearing, and to grant a rehearing.

---

[1] Reported in T. D. 32566 (22 Treas. Dec., 923).

December 13, 1911, the order of August 21, 1911, denying a rehearing, was vacated and set aside by the board; a rehearing of the protest was at the same time granted; and at the same time the board, without notice of its proceedings or motion therefor, proceeded to a reconsideration of the case and entered judgment sustaining the protest.

The Government appeals from the final judgment and recites as specification of errors as follows:

1, 2, and 3 concerned the sufficiency of the protest. These claims of errors were not urged upon appeal.

4. In entertaining and granting a motion for a rehearing in said case when said motion was made more than 30 days after the decision of the Board of General Appraisers overruling the protest herein.

5. In entertaining and granting said motion for a rehearing without notice to appellant herein and opportunity to be heard in opposition thereto.

6. In hearing and deciding said case ex parte (after the granting of said motion for a rehearing) without said case being duly set for hearing on a regular trial day, as provided by law and by the rules of said Board of General Appraisers, and without due and reasonable notice to the appellant herein and opportunity to be heard.

7. In hearing and deciding said case (after the granting of said motion for a rehearing) without said case being duly docketed for hearing at a regular docket at San Francisco, as provided by law and the rules of said Board of General Appraisers.

The application or motion of November 24, 1911, was as follows:

*Application to have order denying a rehearing vacated.*

  *       *       *       *       *       *       *

As an error appears to have been made by the board, we would respectfully petition that the order denying the protestant a rehearing be vacated, *and* we be granted our *original* application for a rehearing.

The application of November 24, 1911, therefore, embraces two separate and distinct matters: (1) That the order denying the protestant a rehearing be vacated; (2) That the original application for a rehearing be granted. It will be noted that there was no motion for a judgment.

It is conceded by the appellee, as clearly appears from the record, that on December 13, 1911, when the board vacated its previous order denying a rehearing and entered an order granting a rehearing of the protest, and proceeded to hear and determine, or, at least, to a determination of the issues in the case, no notice was given to the Government counsel of any of these proceedings, nor is it claimed that said hearing was had upon the regular trial day.

It is first contended by counsel for the Government, appellant, on argument, that the petition for a rehearing by telegram from San Francisco, Cal., August 21, 1911, was insufficient under the rules of the board, in that it was not verified.

It was also so contended that the order of the board of December 13, 1911, vacating its previous order overruling the appellant's application for a rehearing was void.

It was next contended on argument that the board erred in granting the motion for rehearing without notice to appellant.

The statute provides (customs administrative law, subsec. 29, sec. 28) that the application for a review in this court must contain "a concise statement of errors of law and fact complained of," and under the well settled rules of law in such cases the failure to specify amounts to a waiver of any irregularities occurring therein; at least they are not available to appellant here.

The specifications of error do not challenge either the form or sufficiency of the application for a rehearing and assign no error in relation to the application itself, save that it "was made more than 30 days after the decision of the board" (specifications of error 4). Indeed, if we assume that it was the application of November 24, 1911, which was effectively and duly challenged by this specification of error, that application related expressly to a motion for a new trial made within 30 days after the decision for it was directed to "our *original* application for a rehearing."

While the fifth specification of error challenges the order of the board in "granting a rehearing," the order of the board in "setting aside its previous order denying a rehearing" made at the same time as the said order "granting a rehearing," is nowhere assigned as error in appellant's specification thereof. We can not of course adjudge specifications of error 4 and 5 that elastic application necessary to constitute them, first, a challenge of the *original* application for a new trial as made too late and without notice, and thereafter as a challenge of the motion to set aside the previous order denying that application for a new trial. And with much less reason could the same challenges be further extended to cover the order of the board vacating its previous order.

The broadest consistent and only grammatical scope that can be given these specifications is, that they assign as error, first, that the original application for a rehearing, which was the only such ever presented or urged in the case, was made more than 30 days after decision, which manifestly can not be sustained; and, secondly, that said application was granted without notice to appellant.

We are of the opinion, therefore, that specifications of error 4 and 5 duly challenged and made available to appellant in this court only the failure to give notice of the motion for the rehearing granted December 13, 1911.

At the same time the same considerations equally support appellant's specifications of error 6 and 7.

The court has before it for consideration the final judgment of the Board of General Appraisers herein rendered December 13, 1911. The assignments of error 6 and 7 relate to that judgment and are directed to the point that that judgment was rendered by the board without the same being duly set or noticed for trial at a regular hearing day, and without being set for rehearing at the port whereat the case arose, to wit, San Francisco, in violation of the rules of the Board of General Appraisers in that respect and in the respect that the counsel for the Government was without any notice whatsoever in the premises.

We think there was also error in the failure to give notice to the Government counsel or any of the parties of the final hearing and determination.

Rule XX of the Rules of Procedure and Practice Before the Board of United States General Appraisers provides:

XX. * * * When the board granting the rehearing or retrial shall be satisfied that there is no appeal pending from its original decision, the protest shall be set for hearing before it on a regular trial day.

It does not appear from the record that this was done, and the statement by counsel for the Government in his brief that such was not the case is unchallenged. The rule is a salutary and a manifestly fair and just one, and its observance should be adhered to. It is but fair and just to either party to a controversy that the determining tribunal, when proceeding to a determination which involves a final disposition of the issues of the case, more particularly where they had otherwise been determined, should afford a full and fair opportunity of hearing to the adverse party.

If it be deemed that the proceeding to a final determination of the issues by the board upon the day stated was in the nature of the granting of a motion for a judgment upon the record, it seems plain from the rules of the board that the Government counsel was entitled to notice of such motion.

Rule IV of the Rules of Procedure and Practice Before the Board of United States General Appraisers, promulgated as T. D. 30506, expressly required—

IV. * * * Notice * * * of all motions, unless otherwise herein provided, shall be given the opposing party.

The rule is likewise applicable to the motion for a rehearing which was granted and is as before held duly specified as error. Moreover, what we have heretofore said is based upon the assumption that the case might, under the rules of the board, have been regularly docketed for rehearing on a regular trial day after such order was made at the port of New York. The rules of the board, however, make it plain

that such is not the case, and the failure so to do is especially recited as error in the seventh assignment of error in the petition for review filed by the appellant.

The Rules of Procedure and Practice Before the Board of United States General Appraisers provide:

VI. At the ports where the board holds regular hearings, calendars of cases pending will be called on the dates fixed therefor; and cases found thereon will be tried or otherwise disposed of as the board or general appraiser in attendance may direct.

XV. Regular dockets will be called at the ports of Baltimore, * * * San Francisco, and Seattle. The president of the general board will have prepared and promulgated for each calendar year a list of ports at which regular hearings in reappraisements and classifications will be held. Except when arising at such ports all protests will be placed on the New York calendar unless otherwise ordered. At such hearings a docket of cases pending will be called on the dates fixed therefor; and cases found thereon will be tried or otherwise disposed of, as the board or general appraiser in attendance may direct.

That such regular dates and dockets have been duly promulgated by the president of the board and are so promulgated from time to time appears from the publication thereof in the Treasury Decisions. Under the rules of the board, therefore, both importer and the Government had a right to expect (it appearing from the record that the case was a San Francisco case, arose at and was tried at that port, no waiver of that right appearing in the record, and the Government's claim being unchallenged that there was no notice whatever of fina judgment) that the case would be duly docketed at the port of San Francisco at the next regular hearing. The rules of the board required that course. The board, therefore, was without authority to set said case for rehearing at even a regular trial day at the port of New York, and in so doing violated one of its rules to the prejudice of the rights of one or both of the parties in interest.

It requires no more than the statement of the fact to demonstrate that in the interests of justice and of fairness in procedure that adherence to such salutary and just rules should be observed. In this case the record discloses it was not.

We think this reversible error and that a fair and just determination of the issues herein had should be upon notice to all parties concerned.

For the reason that the result would be the same, the court has not considered or decided herein the effect or applicability of the rule upon this case, that the granting or refusing of a new trial where vested in the decision of the trial court by the statute is not assignable as error or appealable unless expressly so made by the statute. Customs administrative law (sec. 12); Kingman *v.* Western Manufacturing Co. (170 U. S., 675, 680); International Trust Co. *v.* Weeks (193 U. S., 667); Van Stone and Stillwell *v.* Bierce Manufacturing Co. (142 U. S., 128, 134).

The decision of the Board of General Appraisers is therefore reversed, with the directon that notice of the pending application of protestant for a rehearing be given and for such further procedure as the law and facts of the case may require.

*Reversed.*