GALLAGHER & ASCHER *et al. v.* UNITED STATES (No.. 871).[1]

MOTION FOR A NEW TRIAL.

The affidavit of merits does not properly specify the testimony offered to be produced at a rehearing if granted. The motion itself is vague in terms and is unverified, though including matters outside the record.

United States Court of Customs Appeals, May 29, 1913.

APPEAL from Board of United States General Appraisers, Abstract 27434 (T. D. 32126).

[Affirmed.]

*Lester C. Childs* for appellants.

*William L. Wemple*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This is an appeal from a decision of the Board of General Appraisers, affirming a decision of the collector of customs at the port of Chicago as to certain meat-slicing machines. They were assessed for duty by the collector at that port as manufactures of metal under paragraph 199 of the tariff act of 1909. The board affirmed the decision of the collector. They were claimed dutiable by the importers, who are the appellants here, as machine tools under paragraph 197 of said act. The decision of the board having been rendered December 22, 1911, protestants duly. made application for a rehearing upon the ground of newly discovered evidence, which said application was, on January 20, 1912, denied by the Board of General Appraisers. In the briefs filed in this court the appellants rely upon claimed error of the board in refusing to grant the motion for a new trial, and also that the board erred in matters of law in the judgment rendered.

As to the former contention, that the board erred in denying the motion for a new trial, there is no assignment of error upon that ground in appellants' assignment of errors.

The statutory requirement of the assignment of errors is:

Such application shall be made by filing in the office of the clerk of said court a concise statement of errors of law and fact complained of, * * *.—Subsection 29 of section 28 of the tariff act of 1909

The chief error in law here relied upon is that the board erred in denying appellants' motion for a new trial.

Moreover, the affidavit of merits accompanying the motion for a new trial does not duly specify the testimony to be produced; and

---

[1] Reported in T. D. 33512 (24 Treas. Dec., 944).

the motion itself does not seem to be within the rule of specificity in such cases. The latter it may also be said is not verified though setting forth matters *dehors* the record as required by the rules of the Board of General Appraisers.

See generally: Gallagher & Ascher *v.* United States (3 Ct. Cust. Appls., 520; T. D. 33168); Sears, Roebuck & Co. *v.* United States (2 Ct. Cust. Appls., 329; T. D. 32055); United States *v.* Georgia Pulp & Paper Manufacturing Co. (3 Ct. Cust. Appls., 410; T. D. 32998).

*Affirmed.*