## United States *v.* McGibbon & Co. (No. 1470).[1]

1. "Appliquéd," Definition.

"Appliquéd" means ornamented with a pattern, which has been cut out of another color or stuff, applied or transferred to a foundation.

2. Binding or Edging not Appliqué.

A silk cord attached around the edges of a comfortable as or simulating a binder or fancy edge, without being cut from another article, and without being laid on the comfortable in or to form any motif or figure, does not constitute an appliqué.

3. Appraiser's Conclusion of Law.

Classification is not the function of an appraiser, and no presumption attaches to his legal conclusions. His statement that the silk cord was "appliquéd all around the edge of the comfortable" is his conclusion of law.

4. Pleading, Time for, Form of.

A claim for classification originating in appellant's brief in this court, not specified in the exceptions, and not raised before and presented to the Board of United States General Appraisers, is not entitled to the consideration of this court.

5. Five Per Cent Discount.[2]

Goods imported in American vessels are entitled to a 5 per cent tariff discount under subsection 7 of paragraph J of section 4, tariff act of 1913.

6. Silk Comfortables with Silk Cord Edging, how Classifiable.

Comfortables in chief value of silk, edged with a silk cord, are not classifiable as appliquéd, under paragraph 358, tariff act of 1913, but as a manufacture of silk not specially provided for, under paragraph 318.

United States Court of Customs Appeals, November 2, 1916.

Appeal from Board of United States General Appraisers, Abstract 36744 (T. D. 34865).

[Affirmed.]

---

[1] Reported in T. D. 36803 (31 Treas. Dec., 431).
[2] Reporter's Note.—The merchandise in this case was imported in an American vessel.

*Bert Hanson*, Assistant Attorney General (*Thos. J. Doherty*, special attorney, of counsel), for the United States.

*Brooks & Brooks* (*F. W. Brooks, jr.*, of counsel) for appellees.

[Oral argument Jan. 20, 1915, by Mr. Hanson and Mr. F. W. Brooks, jr.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This was an importation of comfortables in chief value of silk edged with a silk cord.

The appraiser reported that the silk cord was "appliquéd all around the edge." There are no samples and the case was submitted upon the record. The "5 per cent" issue is also here. The point litigated is whether the articles are dutiable under the provisions of paragraph 358, tariff act of 1913, as "all articles * * * appliquéd, * * * any of the foregoing by whatever name known; * * * trimmings not specially provided for; * * * and articles made in whole or in part of any of the foregoing fabrics or articles"; or, under paragraph 318 of that act, as "all manufactures of silk (or of which silk is the component material of chief value), not specially provided for in this section."

The Board of General Appraisers sustained the protest upon authority of United States *v.* Hamburger Levine Co. (5 Ct. Cust. Appls., 217; T. D. 34382). In that case the court adopted with approval the definition of "appliqué" by Mr. General Appraiser Fischer (T. D. 21375) as follows:

This merchandise corresponds with the definition given to the word "appliqué" by all the standard dictionaries and with the trade understanding. The general definition is: "Ornamentation with a pattern, which has been cut out of another color or stuff, applied or transferred to a foundation."

See also Krusi *v.* United States (1 Ct. Cust. Appls., 168; T. D. 31213).

The court agrees with the board that that case rules this. The record discloses that the particular cord was attached around the edges of the article as or simulating a binder or fancy edge without being cut from another article and without being laid on this article in or to form any motif or figure. Such does not constitute an appliqué within the said decisions of this court.

The advice of the appraiser to the collector that the cord was "appliquéd all around the edge" of the comfortables was a conclusion of law, concluding the very question here in issue, and was not binding upon the collector or reviewing tribunals. In National Hat Pin Co. *v.* United States (5 Ct. Cust. Appls., 435; T. D. 34971) this court said:

The statute does not clothe the appraiser with any duty respecting the classification of the merchandise. His function relates to the ascertainment of its

dutiable value, and although the customs regulations (see arts. 1514 and 1515) require the appraiser, among other things, to describe the merchandise in such terms as will enable the collector to classify it for duty, yet this is by the express terms of the said regulations for the purpose of *assisting* the collector, and is not conclusive in any way upon his classification nor the correctness thereof. The collector may or may not classify according to the appraiser's description.

American Bead Co. *v.* United States (7 Ct. Cust. Appls., 161; T. D. 36465) ; Marriott *v.* Bruno (9 How., 50 U. S., 619, 634) ; Earnshaw *v.* Cadwalader (145 U. S., 247, 249).

In the briefs the Government urges apparently for the first time that the merchandise is dutiable as articles in part of trimmings under the quoted parts of paragraph 358, *supra*. Appellees challenge this position upon the merits, and also upon the ground that being a Government appeal the point is not specified as error in the exceptions, was not raised before and presented to the board, and therefore comes too late.

The court is of the opinion that it is unnecessary to decide the question of merit as the latter point is well taken. United States *v.* Tappenbeck (7 Ct. Cust. Appls., 17; T. D. 36258) ; Gallagher & Ascher. *et al. v.* United States (4 Ct. Cust. Appls., 291; T. D. 33512) ; United States *v.* Rothschild & Co. (3 Ct. Cust. Appls., 251; T. D., 32566) ; Surgical Supply Importing Co. *v.* United States (3 Ct. Cust. Appls., 112; T. D. 32364).

The board's holding in favor of appellees upon the 5 per cent issue, the facts proven not being controverted, is in accord with the decision of this court in the Five Per Cent Cases (6 Ct. Cust. Appls., 291; T. D. 35508).

*Affirmed.*