The judgment of the United States Customs Court is affirmed.

UNITED STATES v. J. L. GALEF (No. 3341)[1]

United States Court of Customs and Patent Appeals, November 3, 1930

Charles D. Lawrence, Assistant Attorney General (Peter A. Abeles, special attorney, of counsel), for the United States.

Frank P. Wilson (John R. Rafter of counsel) for appellee.

[1] T. D. 44377.

[Oral argument October 8, 1930, by Mr. Lawrence and Mr. Rafter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

This is an appeal from a judgment rendered by the United States Customs Court, involving an importation of certain merchandise classified by the collector of customs, under paragraph 366 of the Tariff Act of 1922, as pistols, at the specific rate therein provided, and in addition thereto 55 per centum ad valorem, and held dutiable by the court, as claimed by the appellee, as side arms under paragraph 363 of said act at 50 per centum ad valorem.

The two paragraphs of said tariff act here involved read as follows:

PAR. 366. Pistols: Automatic, magazine, or revolving, and parts thereof and fittings therefor, valued at not more than $4 each, $1.25 each; valued at more than $4 and not more than $8 each, $2.50 each; valued at more than $8 each, $3.50 each; and in addition thereto, on all of the foregoing, 55 per centum ad valorem.

PAR. 363. Sword blades, and swords and side arms, irrespective of quality or use, wholly or in part of metal, 50 per centum ad valorem.

The merchandise consists of firearms known as revolvers, each having a barrel five or six inches long with a revolving cylinder at the base thereof provided with six chambers. They were classified by the collector as revolving pistols, under the provisions of said paragraph 366 for "Pistols * * * revolving * * *." Appellee concedes the merchandise to be "pistols" under the common meaning of that word, but claims that the commercial meaning of the word "pistols" is different from its common meaning and does not include "revolvers"; that the merchandise in question was not known, or bought or sold in wholesale trade and commerce in the United States prior to the enactment of the Tariff Act of 1922 as "pistols," but was always bought and sold and dealt in at wholesale under the term "revolvers," and that revolvers and pistols were always differentiated in trade and commerce.

The lower court found that there is abundant commercial proof that the terms "pistols" and "revolving pistols" do not include "revolvers", and *vice versa*, and held that the facts established of record required a decision ruled by commercial designation. It therefore sustained the protests and, as heretofore stated, held the merchandise dutiable under said paragraph 363 as side arms.

The Government in its brief and upon oral argument makes the following contentions:

First, that the merchandise at bar responds to the common meaning of the word pistols, as well as to the common meaning of the expression revolving pistols;

Second, that the provision in paragraph 366 of the act for "Pistols: * * * revolving" is a descriptive term which describes the merchandise at bar;

Third, that the record in the instant case, by reason of the conflicting testimony as to commercial designation from witnesses, whose integrity can not be questioned, would seem to indicate that commercially the terms "pistols" and "revolvers" were used interchangeably, in referring to the merchandise in controversy;

Fourth, that the importer, appellee herein, has not shown, in accordance with the rule laid down by this court, that there existed in the trade and commerce of the United States prior to the enactment of the Tariff Act of 1922, a distinction between the common and commercial meaning of the words "pistols" and "revolvers." See *Passaic Worsted Co. et al.* v. *United States*, 17 Ct. Cust. & Patent Appls. 459, T. D. 43916. In any event the word "revolvers" does not appear in either paragraph under consideration and all testimony as to revolvers is irrelevant to the issue (*United States* v. *Walter et al.*, 4 Ct. Cust. Appls. 95).

Appellee contends that appellant's assignment of errors does not state any ground for reversal of the trial court's decision, and particularly insists that the finding of commercial designation by the court below, being a finding of fact, can not be reviewed upon appeal because such finding is not assigned as error.

Appellant's assignment of errors reads as follows:

1. In sustaining the protests herein.

2. In not overruling the protests herein.

3. In not holding the articles herein involved dutiable under paragraph 366 of the Tariff Act of 1922, at the specific rate or rates therein provided according to their value and in addition thereto * * * 55 per centum ad valorem.

4. In holding the merchandise herein involved dutiable at 50 per centum under paragraph 363 of the Tariff Act of 1922.

5. In not sustaining the Government's objection to appellee's offer of testimony as to commercial meaning of the word "revolver."

6. In permitting appellee's witnesses to testify to the trade designation of the instant merchandise as revolvers over the objection and exception made by the appellant.

7. In admitting in evidence illustrative Exhibit 5 over objection and exception of appellant.

8. In admitting in evidence illustrative Exhibit 6 over objection and exception of appellant.

9. In admitting in evidence testimony of trade designation relating to illustrative Exhibits 5 and 6.

10. In admitting in evidence Exhibits A, B, C, D, E, F, G, H, and I, collective Exhibits 7, 8, and 9, and illustrative Exhibits 10 and 11.

11. In excluding from the record Exhibit A for identification, offered on behalf of the appellant.

12. In admitting in evidence answers to questions relating to use over objections and exceptions of appellant.

13. In not holding that the merchandise herein is dutiable under paragraph 366 under the authority of *Stoeger* v. *United States*, 15 Ct. Cust. Appls. 291.

Section 198 of the Judicial Code provides that applications for review by this court of judgments of the United States Customs Court shall be made by filing a "concise statement of errors of law and fact complained of."

The first question for consideration is whether the finding of the court below as to the commercial meaning of the terms "revolving

pistols" and "revolvers" should be reviewed by us, there being no assignment of error with reference thereto.

Whether this court has the power to review any finding of the lower court not assigned as error upon appeal need not be considered, for we are clear that it is not required to do so, and with regard to the finding in question it should not do so. As stated in the case of *Phillips & Colby Construction Co.* v. *Seymour et al* U., 91. S. 646, "The object of the rule requiring an assignment of errors is to enable the court and opposing counsel to see on what points the plaintiff's counsel intend to ask a reversal of the judgment and to limit the discussion to these points."

The question of the necessity of an assignment of error covering a specific question to secure to an appellant the right of review of such question has been before this court in a number of cases.

In *United States* v. *Rothschild & Co.*, 3 Ct. Cust. Appls. 251, T. D. 32566, this court said:

It was next contended on argument that the board erred in granting the motion for rehearing without notice to appellant.

The statute provides (customs administrative law, subsec. 29, sec. 28) that the application for a review in this court must contain "a concise statement of errors of law and fact complained of," and under the well-settled rules of law in such cases the failure to specify amounts to a waiver of any irregularities occurring therein; at least they are not available to appellant here.

The specifications of error do not challenge either the form or sufficiency of the application for a rehearing and assign no error in relation to the application itself, save that it "was made more than 30 days after the decision of the board * * *."

In *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 579, T. D. 41436, which was a reappraisement case, this court said:

This being an appeal in a reappraisement case this court may consider questions of law only, and only such as are properly presented by the assignment of errors filed in the case in this court. * * *

In *United States* v. *Wakem & McLaughlin*, 14 Ct. Cust. Appls. 161, T. D. 41692, the opinion states:

Objections were made to the introduction in evidence of certain of these statements which appear as affidavits in connection with said report, and complaint is made here of their admission. Error was not assigned predicated upon their admission and that point must accordingly be treated as waived. *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 579, T. D. 41436.

The latest expression of this court upon this subject is found in the case of *G. Gennert (Inc.)* v. *United States*, 18 C. C. P. A. (Customs) 12, T. D. 43973, where the court, speaking through Judge Hatfield, referring to the contention of appellant that the court below erred in giving a more favorable judgment than was prayed for, said:

It may be that the court below erred in this respect. However, it is obvious from an examination of the record that appellant did not raise this issue in its

assignment of errors. Therefore, this court is not called upon to consider the matter, and does not do so.

Section 198 of the Judicial Code provides that applications for review by this court of judgments of the United States Customs Court shall be made by filing a "concise statement of errors of law and fact complained of." Generally, this court will not consider any errors or grounds of appeal except those presented in the assignment of errors. *Gallagher & Ascher et al.* v. *United States*, 4 Ct. Cust. Appls. 291, T. D. 33512; *United States* v. *International Forwarding Co.*, 13 Ct. Cust. Appls. 579, T. D. 41436; *United States* v. *Wakem & McLaughlin*, 14 Ct. Cust. Appls. 161, T. D. 41692. An exception has been made in appeals in appraisement proceedings where the appellate division of the Customs Court has failed to state its findings of fact and conclusions of law. *United States* v. *Fragele Bros.*, 12 Ct. Cust. Appls. 381, T. D. 40543.

*United States* v. *Fragele Bros:, supra,* was a reappraisement case where the Board of General Appraisers had failed to make findings of fact and conclusions of law required by the statute. This court said:

> Where it regards the findings of fact and conclusions of law as helpful to it in its decision of issues involved in the case this court has the authority to direct of its own volition, without assignment of error, that the mandate of the law be complied with by the board [citing cases].

Later in the opinion the court said:

> Adopting the language in some of the decisions above cited, we do not think the case as it stands before us is prepared for review, since without the findings of facts and conclusions of law required by the statute we are unable to determine whether the board has proceeded in accordance with the law or otherwise. The case is therefore reversed and remanded to the Board of General Appraisers to enable it to make its findings of facts and conclusions of law as in the statute provided.

It should be observed that in the case last cited, there was no final disposition of the same, but it was remanded because of the failure of the lower court to make findings of fact and conclusions of law as required by the statute, and the court held that without such findings there could not be a proper review of the questions raised by the appeal therein.

Granting that under special circumstances this court may reverse the lower court upon a point not raised by assignment of error, there is nothing in the case at bar to justify a departure from the general rule.

Parties desiring a review of any question decided by the lower court should follow the statute and by assignment of errors point out the points on which it is intended to ask a reversal of the judgment. While this court is not disposed to be at all technical upon this subject, the assignment of errors should clearly, by express words, or fair implication, point out the errors upon which it is intended to rely to secure a reversal.

It is not sufficient that the errors claimed by an appellant are set out in his brief. *Briscoe* v. *District of Columbia*, 221 U. S. 547.

In the case at bar two fundamental questions were involved in the trial in the court below:

1. Was there a commercial meaning of the word "pistols" different from its common meaning at the time of the passage of the Tariff Act of 1922? If so, did the commercial meaning of "pistols" exclude "revolvers" like the merchandise here involved, and did the terms "revolving pistols" and "revolvers," as they were employed in the wholesale trade and commerce of the United States denote separate and distinct classes of merchandise?

2. If the answers to the above be in the affirmative, should commercial designation control the classification of the merchandise here involved?

Upon the first proposition, the lower court answered all questions in the affirmative. No error being assigned upon its finding of commercial designation, its correctness will not be reviewed by us, and we must accept it as an established fact.

As to the second proposition, we think the third and fourth assignments of error are sufficient to entitle appellant to a review of the question whether the commercial meaning of the terms "pistols * * * revolving" and "revolvers" should control the classification of the merchandise here involved.

It is conceded by the Government that if the merchandise is not dutiable under said paragraph 366, it is dutiable under paragraph 363 as claimed by appellee in his protest and as held by the lower court.

The Government contends that commercial designation should not control the classification of the merchandise because the legislative history of paragraph 366 and its predecessors in prior tariff bills, it is claimed, shows the intent of Congress to include revolvers within the terms "pistols * * * revolving" as used in said paragraph 366.

Conceding that the Government's contention is correct that if it is shown that Congress intended that the common meaning of a given word should govern the classification of the article which the word describes, and not its commercial meaning, we do not think that such intent clearly appears in the case at bar.

The opinion of the lower court quotes from the case of *Cadwalader* v. *Zeh*, 151 U. S. 171, as follows:

It has long been a settled rule of interpretation of statutes imposing duties on imports that if words used therein to designate particular kinds or classes of goods have a well-known signification in our trade and commerce different from their ordinary meaning among the people, the commercial meaning is to prevail, unless Congress has clearly manifested a contrary intention, and that it is only when no commercial meaning is called for or proved that the common meaning of the words is to be adopted.

The Government, in support of its contention that the legislative history shows an intent to include revolvers in paragraph 366, relies upon four facts:

1. Notes on Tariff Revision, 1908, pages 197–198, where it is stated:

Side arms include not only swords but revolvers, bayonets, and other weapons ordinarily worn at the side. *Revolvers, however, are classified as "revolving pistols" under paragraph 158.* [Italics ours.]

2. Tariff Information Surveys, Tariff Act of 1913, Schedule C, paragraphs 132 and 133, where under the word "description" the following is stated:

Pistols fire a single bullet and are rifled. They may be single shot, used chiefly for target practice, revolving (*called revolvers*), or automatic, in which the used shell is ejected, a new cartridge inserted from the magazine, and the arm cocked automatically by the action of the recoil. [Italics ours.]

3. Brief filed by Small Arms Manufacturers' Committee with the Committee on Ways and Means of the House of Representatives at the time the Tariff Act of 1922 was being considered by it. Paragraph 133 of the 1913 act provided for "* * * pistols, * * * revolving * * *." Said brief stated in part as follows:

Pistols: All pistols and *revolvers*, frames and barrels thereof, $5 each, and 50 per cent ad valorem each; all other parts 50 per cent ad valorem.

(The marked increase in the protection asked in this paragraph is because actually current importations are now being made at as low a figure as $2.24 free on board European port. The records of the New York Custom House, we believe, will disclose to you larger importations of cheap automatic *pistols* during the past 90 days than during any 12 months' period in the past, and unless prevented such importation will continue to increase in much the same ratio and finally be fatal to the industry in this country. We have before us a recent trade circular of a Spanish manufacturer which is so illustrative of the present-day character of foreign competition that we are appending hereto a photostatic copy of a portion of it. It will be noted that its headline reads, "*Revolvers systeme Smith Y Wesson Y Colt.*" The quoted prices are as low as $2.03 each. The domestic and foreign markets will be flooded with similar advertisements. We respectfully submit that such unfair methods of competition are contrary to our laws and should not be encouraged. The parties are beyond the reach of our own Federal Trade Commission, and the only remedy of the American manufacturer is suitable tariff protection.) [Italics ours.]

4. Statement of the managers on the part of the House in presenting the conference report upon the bill which later became the Tariff Act of 1922, which reads as follows:

Amendment 535: The House Bill imposed a duty of 25% American value upon pistols and *revolvers* in addition to the specific duties. The said amendment makes this additional duty 60% foreign value; and the House recedes with an amendment making the additional duty 55% foreign value. [Italics ours.]

With regard to Notes on Tariff Revision, 1908, appellee points out that this is too remote in point of time to have any bearing on

this case. We think this is true. In 1908 there may have been no commercial meaning of the word "pistols" different from its common meaning, and any intent of Congress in 1909 or 1913 to include revolvers in the term "pistols" would not indicate its intent in 1922 where commercial designation is shown in 1922 but not in the years prior to 1909 and 1913.

As to the brief filed by the Small Arms Manufacturers' Committee with the Committee on Ways and Means in 1922, we note that Congress did not adopt the suggestions either as to the phraseology of paragraph 366 or rate of duty. The manufacturers' committee asked that the paragraph read "Pistols, all pistols and *revolvers*, frames and barrels thereof, $5 each, and 50 per centum ad valorem each; all other parts 50 per centum ad valorem. [Italics ours.]" The very fact that the manufacturers' committee asked that the paragraph read "all pistols and revolvers" would indicate that it understood that in a commercial sense pistols and revolvers were separate and distinct classes of merchandise; and as Congress did not include the word "revolvers" in the paragraph we fail to see how any presumption can arise that it intended to do so. It adopted the same phraseology as was contained in the corresponding paragraph of the Tariff Act of 1913, and did not make the change requested by the committee.

As to the conference report upon the bill which later became the Tariff Act of 1922, which the Government especially relies upon as showing the intent of Congress to include revolvers in paragraph 366, notwithstanding the fact that, applying the rule of commercial designation, it would not be so included, we observe that the statement relied upon was made by the managers on the part of the House. It will be seen from reading the statement hereinbefore quoted that the descriptive phraseology of paragraph 366 was not before the conference committee, but only the rate of duty to be imposed. There was no duty upon, or occasion for, the conference committee to construe the descriptive language of the paragraph, and for that reason we can not attach great weight to the construction of the paragraph by the House managers.

While, under some circumstances, legislative history like that here relied upon by appellant might affect our conclusion, it is not sufficient in this case where, for the reasons stated, we must accept commercial designation as a fact, and such designation must prevail unless Congress has clearly manifested a contrary intention. We hold that the legislative history invoked by appellant does not clearly manifest a contrary intention, and in construing the paragraph the commercial meaning must prevail. The merchandise therefore should be classified under paragraph 363 and not paragraph 366.

As to the assignment of errors relative to admission of evidence, in view of our conclusion that the finding of the lower court upon

the question of commercial designation is not open to review by us, they need not be considered.

As to the Government's contention that the provision in said paragraph 366 for "Pistols * * * revolving * * *" is a descriptive term and therefore the rule of commercial designation is not applicable, we need only observe that the law is otherwise. *American Express Co.* v. *United States*, 10 Ct. Cust. Appls. 275, T. D. 38680; *La Manna, Azema & Farnan* v. *United States*, 14 Ct. Cust. Appls. 289, T. D. 41908.

The last assignment of error is that the court erred in not holding that the merchandise herein is dutiable under paragraph 366 under the authority of *Stoeger* v. *United States*, 15 Ct. Cust. Appls. 291, T. D. 42472. It is sufficient to say that it appears that the merchandise there involved was not similar to that in the case at bar, and there was no proof or claim in that case of commercial designation.

The judgment of the United States Customs Court is *affirmed*.