## MYERS v. UNITED STATES (No. 381).[1]

FLOOR-PLANING MACHINES—TOOLS.

Floor planers, with an electric motor for the attached planes, resembling generally lawn mowers, but portable and when in use propelled by hand, are machine tools and were dutiable under paragraph 197, tariff act of 1909.

### United States Court of Customs Appeals, January 25, 1911.

APPEAL from decision of the Board of United States General Appraisers, G. A. 7032 (T. D. 30666).

[Reversed.]

Brown & Gerry for appellant.

D. Frank Lloyd, Assistant Attorney General (Martin T. Baldwin on the brief), for the United States.

Before MONTGOMERY, HUNT, SMITH, BARBER, and DE VRIES, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

Paragraph 197 of the tariff act of 1909 fixes the duty on machine tools at 30 per cent ad valorem. Paragraph 199 fixes a duty of 45 per cent ad valorem on articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured. The importation involved in this case was assessed for duty under the latter paragraph, which is admittedly a correct classification unless the articles imported were machine tools.

The importation consisted of floor planers, resembling in general style lawn mowers, propelled by hand. In the body of each is a shaft upon which is a series of steel planing knives. To the planer an electric motor is attached, and by the electric power furnished the knives revolve with very great rapidity, and as the machine is propelled by hand the floor beneath the knives is planed in the manner that it would be by a carpenter using an ordinary jack plane.

A machine tool is sometimes technically said to "embrace the various machines used in the departments of engineers' works by turners, drillers, slotters, planers, boilermakers, etc., together with the various cutting, punching, and shearing tools attached to and forming a portion of the same." (Lockwood's Dictionary of Mechanical Engineering Terms, title "Machine tools.")

But it is very evident that the term "machine tool" has a much broader signification in common use. For instance, in the Century Dictionary a machine tool is defined as—

A machine driven by water, steam, or other power, for performing operations formerly accomplished by means of hand-tools, as planing, drilling, sawing, etc., and taking its special name from the kind of work performed, as planing-machine, drilling-machine, etc.

---

[1] Reported in T. D. 31260 (20 Treas. Dec., 192).

In the Standard Dictionary, under the title "machine tool," the definition is given:

A machine for doing work with cutting-tools, or one utilizing minor tools in performing the actual work, as a lathe, planing-, drilling-, rabbeting-, or tenoning-machine; * * * opposed to hand-tool.

And under the title of "tool" appears the following:

A simple mechanism or implement, as a hammer, chisel, plane, spade, or file, used in working, moving, or transporting material. * * * By extension, a machine, as a lathe or planer, employed in the making of machines.

If we apply the Century Dictionary definition of a machine tool, and treat the term as comprising a machine which accomplishes the work frequently accomplished by hand tools, and still further limit it to tools which are still controlled by hand, the articles in question here come within this narrower definition. If we turn to the title of "tools" in the Century Dictionary, we find the following definition:

A mechanical implement; any implement used by a craftsman or laborer at his work; any instrument employed for performing or facilitating mechanical operations by means of percussion, penetration, separation, abrasion, friction, etc., of the substance operated upon, for all of which operations various motions are required to be given either to the tool or to the work. Such machines as the lathe, planer, slotting-machines, and others employed in the manufacture of machinery are usually called machine tools.

The definition of "tools" given in Worcester's Dictionary is as follows:

Any instrument of manual operation; a mechanical instrument of any kind for working with; an implement commonly used by the hand of one man, in some manual labor.

The conclusion seems to be irresistible that the articles here under consideration are machine tools. They are implements used by the hand of one man, and are easily portable. It is just as essential to good workmanship that the tool be constantly attended by the operator, moved back and forth on the floor to be planed, by the hand of one man and given intelligent direction. The machine itself does not accomplish the result. The intervention of a single hand or workman is essential to its operation. The power and principle applied are the things that make it partake of the character of machinery. It still remains a tool within the definitions given by lexicographers.

Cases might be cited in which the word "tool" has been given a very much broader construction than is here employed. See cases collected in Words and Phrases Judicially Defined, volume 3, under the title "Tools."

We think, however, that within common understanding this implement is a tool to which power has been applied and comes within any proper definition of a machine tool. The holding of the board which sustained the classification made by the collector is *reversed*.

HUNT, Judge (specially concurring):

While I have been somewhat reluctant to agree with the conclusion reached, yet, after full discussion, I think it is probably a fairer interpretation of the statute than one which would regard the floor planer as a machine. The element of portability, too, is entitled to some weight as a circumstance in upholding the view that the planer is a machine tool, for, as commonly spoken of, one would regard a tool as a useful implement of manual operation easily moved and so to be distinguished from permanent fixtures, such as are found, for example, in the saws or planers which we find in sawmills with belts and stationary machinery. It is impossible to draw an exact line of demarcation between machine tools and machinery, but with the general rules stated in the opinion of the court I agree.