SEARS, ROEBUCK & CO. *v.* UNITED STATES (No. 724).[1]

STEEL HAIR CLIPPERS NOT MACHINE TOOLS.

"Machine" in machine tools connotes the application of some kind of power in the operation of an implement other than hand power alone; and steel hair clippers are not to be deemed machine tools and dutiable as such, but are dutiable as steel not specially provided for, under paragraph 199, tariff act of 1909.

United States Court of Customs Appeals, November 22, 1911.

APPEAL from Board of United States General Appraisers, Abstract 26164 (T. D. 31774).

[Affirmed.]

*Lester C. Childs* for appellants.

*Wm. L. Wemple,* Assistant Attorney General (*Martin T. Baldwin* on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of steel hair clippers used by barbers in cutting hair. These instruments are so generally and familiarly known as to require no description here. They were classified by the collector as manufactures of steel not specially provided for and were assessed with duty at 45 per cent ad valorem under paragraph 199 of the tariff act of 1909.

The importers duly filed their protest to this assessment and contended that the articles were assessable either directly or by similitude as machine tools at the rate of 30 per cent ad valorem under paragraph 197 of that act.

This protest was heard by the Board of General Appraisers and was overruled. The appellants now seek a reversal of the board's decision.

The question thus presented by appellants is whether these steel clippers are machine tools such as are specifically named in paragraph

---

[1] Reported in T. D. 32055 (21 Treas. Dec., 619).

197 or are manufactures of steel not specially provided for and coming within the provisions of paragraph 199.

The following definitions cited by counsel are taken from dictionaries of approved standing and authority:

### Century Dictionary:

*Machine tool.*—A machine driven by water, steam, or other power for performing operations formerly accomplished by means of hand tools, as planing, drilling, sawing, etc., and taking its special name from the kind of work performed, as planing machine, drilling machine, etc. Also called engine tool.

*Tool.*— * * * Such machines as the lathe, planer, slotting machine, and others employed in the manufacture of machinery are usually called machine tools.

### Standard Dictionary:

*Machine tool.*—A machine for doing work with cutting tools, or one utilizing minor tools in performing the actual work, as a lathe, planing, drilling, rabbeting, or tenoning machine; also a forming machine; opposed to hand tool.

*Tool.*— * * * By extension, a machine, as a lathe or a planer, employed in the making of machines. (See Machine tool.)

### Webster's Dictionary:

*Machine tool.*—A complex machine for shaping materials; strictly, an adjustable machine with an automatic feed, for shaping metals by cutting; called also engine tool (1890).

*Machine tool.*—A machine for cutting or shaping wood, metals, etc., by means of a tool; especially a machine, as a lathe, planer, drilling machine, etc., designed for a more or less general use in a machine shop, in distinction from a machine for producing a special article as in manufacturing (1899).

### American Encyclopædic Dictionary:

*Machine tool.*—A machine in which the tool is directed by guides and automatic appliances. It is a workshop appliance for operating upon materials in the way of shaping and dressing, having devices for dogging the stuff and feeding the tool. Among the tools of this class for working in metal may be enumerated the lathe and machine for planing, slotting, drilling, punching, and shearing. Machine tools for wood are lathes, saws of various kinds, machines for planing, molding, boring, mortising, dovetailing, rabbeting, tenoning, shaping, etc.

### Knight's American Mechanical Dictionary:

*Machine tool.*—A machine in which the tool is directed by guides and automatic appliances, aptly called by Dr. Barnard "a mechanical artisan" with "iron arms." It is a workshop appliance for operating upon materials in the way of shaping and dressing, having devices for dogging the stuff and feeding the tool. Among tools of this class for working in metal may be enumerated the lathe and machines for planing, slotting, shaping, drilling, punching, and shearing. Machine tools for wood are lathes, saws of various kinds, machines for planing, molding, boring, mortising, dovetailing, rabbeting, tenoning, shaping, etc.

### Spon's Dictionary of Engineering, page 2322:

Those machines used in the finishing and fitting of machinery, after the more important operations of either forging or casting the rough material have been effected, are collectively designated as machine tools. * * *

Although machine tools form an essential portion of the equipment in any machine shop, the circumstances under which they have to be designed are so various as to prevent the adoption of but very few standard tools, and the complex nature of their action is indicated by the diversity shown in their construction.

Goodchild and Tweney's Technical and Scientific Dictionary (1906):

*Machine tool.*—A general term for machines used in engineering and allied work, e. g., planing, slotting, shaping, milling machines, etc.

*Machine shop.*—The part of an engineering works in which the lathes and other machine tools are worked, as distinguished from the erecting and fitting shops.

It appears from these definitions that it is rather doubtful whether the term "machine tool" may be properly applied to such tools as are used in cutting hair or performing like services. The term seems rather to apply to such tools only as are used in mechanical work dealing with wood, metal, or stone. But however that may be, the term certainly always connotes the application of some kind of power to an implement or tool for its use and operation other than hand power alone. As is stated in the Standard's definition above given, the term is "opposed to hand tool." Both the Standard and Century definitions make it synonymous with engine tool. Such an instrument as a barber's hair clipper would not therefore come within the definition of the term machine tool in either of the foregoing particulars.

In the case of Myers *v.* United States (1 Ct. Cust. Appls., 226), this court had before it certain floor planers, which it held to be machine tools within the meaning of that term as used in paragraph 197 of the present tariff act. The planers involved in that case were used for the purpose of planing wood floors. They bore a general resemblance to lawn mowers, and when in operation were moved over the floor by hand. The planing was done by steel knives which revolved upon a shaft in somewhat the same manner as knives of a lawn mower revolve. The power which propelled the knives came from an electric motor which was connected with the implement by wires. The machine performed work which would otherwise be accomplished by workmen using hand planes upon the floor. In the decision of the case just set out, Montgomery, presiding judge, says in conclusion:

We think, however, that within common understanding this implement is a tool to which power is applied and comes within any proper definition of a machine tool.

The line of reasoning pursued in the above-named case is authority for the conclusion reached in this.

In the case of Sheldon *v.* United States (T. D. 31657) this court held that such hair clippers as those in question are not "shears," but are manufactures of steel not specially provided for, and therefore properly assessable under paragraph 199 of the tariff act of 1909. In that case the question made by the importer's protest was whether or not such clippers were "shears," and the contention presented by the appellants in this case that such articles are machine tools was not made in the case. Therefore that decision is not conclusive of the present issue.

However, upon the reasons and authorities above given the articles in question are held not to be machine tools as claimed by appellants, and they are therefore yet left within their former classification as manufactures of steel not specially provided for. This classification as made by the board is therefore approved, and its decision is *affirmed*.