UNITED STATES *v.* KNAUTH, NACHOD & KUHNE *et als.* (No. 866).[1]

MACHINE SHEARS.

The merchandise is a machine, made wholly of metal, operated entirely by hand power, and designed and used for shearing or cutting metal plates or bars.

"Machine tools" connotes the application of power to an implement or tool in its use and operation other than hand power alone; and the multiplication of the manual power of the operator by mechanical devices is not such other motive power. These shears accordingly are not machine tools and they are dutiable as assessed by the collector under paragraph 199, tariff act of 1909, as a manufacture of metal.—Sears, Roebuck & Co. *v.* United States (2 Ct. Cust. Appls., 329; T. D. 32055); United States *v.* Georgia Paper and Pulp Mfg. Co. (3 Ct. Cust. Appls., 410; T. D. 32998).

United States Court of Customs Appeals, November 27, 1912

APPEAL from Board of United States General Appraisers, Abstract 27728 (T. D. 32244).

[Reversed.]

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

*B. A. Levett* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise involved in this case is a mechanism made wholly of metal, operated entirely by hand power, and designed and used for shearing or cutting metal plates or bars. A small model thereof is a part of the evidence in the case, and the record shows that the full-sized machine weighs some 1,000 pounds. When in use it is generally stationary and is not designed to be frequently moved. It is referred to as a shearing machine. The mechanism of the machine largely multiplies the hand power applied to it.

Similar machines are operated by power other than that of the hand of the operator, and it appears that such machines have been assessed for duty as machine tools.

The merchandise was assessed for duty as a manufacture of metal under paragraph 199 of the tariff act of 1909. The importers protested, claiming it was dutiable as a machine tool under paragraph 197 of the same act. If not dutiable thereunder, there is no claim that it was not properly assessed.

Paragraph 197 is as follows:

197. Cash registers, jute-manufacturing machinery, linotype and all typesetting machines, machine tools, printing presses, sewing machines, typewriters, and all steam engines, thirty per centum ad valorem; embroidery machines and lace-making machines, including machines for making lace curtains, nets, or nettings, forty-five per centum ad valorem: * * *.

The Board of General Appraisers sustained the protest.

There was no proof of commercial designation, and no controverted issue is raised upon the evidence, the sole question being whether or not these machines, described as above, are machine tools within the meaning of the paragraph.

We held in Sears, Roebuck & Co. v. United States (2 Ct. Cust. Appls., 329; T. D. 32055), that the term "machine tools" "always connotes the application of some kind of power to an implement or tool for its use and operation other than hand power alone."

In the case of United States v. Georgia Pulp and Paper Manufacturing Co. (3 Ct. Cust. Appls., 410; T. D. 32998), where opinion is handed down contemporaneously herewith, this holding in the Sears-Roebuck case is approved and the meaning of the term "machine tools" considered at some length.

Power other than the hand of the operator means other motive power than that of the operator used to drive, propel, or operate the machine, amongst which are steam or water power. The multiplication of the power of the operator by mechanical devices is not such other motive power.

The determination of this question decides the case, and the judgment of the Board of General Appraisers is *reversed*.