KNAUTH, NACHOD & KUHNE *v.* UNITED STATES (No. 915).[1]

CUTTING MACHINES, HAND OPERATED.

The machines are composed of metal, are used for pinking or cutting the edges of samples or other textile materials, giving them a scalloped edge. They are operated entirely by hand power. Being operated by hand power they are not "machine tools," and were properly assessed as composed wholly or in part of metal under paragraph 199, tariff act of 1909.—Sears, Roebuck & Co. *v.* United States (2 Ct. Cust. Appls., 329; T. D. 32055).

United States Court of Customs Appeals, November 27, 1912.

APPEAL from Board of United States General Appraisers, Abstract 28553 (T. D. 32529).

[Affirmed.]

*Brown & Gerry* for appellants.

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of certain machines composed of metal, used for pinking or cutting the edges of samples or other textile materials, giving to them a scalloped edge; they are operated entirely by hand power.

The machines were assessed for duty at the rate of 45 per cent ad valorem as articles composed wholly or in part of metal under paragraph 199 of the tariff act of 1909, and are claimed to be dutiable at 30 per cent ad valorem as "machine tools" under paragraph 197 of the same act.

---

[1] Reported in T. D. 33003 (23 Treas. Dec., 517).

The importers are the appellants here.

There is no question of commercial designation in the case.

It is, in effect, agreed in the argument that if the court is of opinion that, as commonly understood, the term "machine tools" is limited to such as are operated by power other than the hand of the operator or to machines that operate on wood, metal, or stone, the judgment of the Board of General Appraisers must be affirmed.

In Sears, Roebuck & Co. v. United States (2 Ct. Cust. Appls., 329; T. D. 32055) it was said that the term machine tools "always connotes the application of some kind of power to an implement or tool for its use and operation other than hand power alone."

We think this is a correct statement of the law, and, in view of the discussion thereof in other machine-tool cases in this court, any review of the dictionaries, textbooks, or authorities upon the question is unnecessary in this case.

It follows that the judgment of the Board of General Appraisers should be, and it is hereby, *affirmed*.