UNITED STATES *v.* BERNARD, JUDAE & Co. (No. 906).[1]

**BENCH LATHE OPERATED BY TREADLE.**

The bench lathe of the importation is operated exclusively by force applied to a treadle by the foot of the operator. It is not a machine tool, for "machine tool" connotes the application of some kind of power to an implement in its use and operation other than hand power alone.—Sears, Roebuck & Co. *v.* United States (2 Ct. Cust. Appls., 329; T. D. 32055); Knauth, Nachod & Kuhne (3 Ct. Cust. Appls., 419; T. D. 32999).

United States Court of Customs Appeals, February 1, 1913.

APPEAL from Board of United States General Appraisers, Abstract 28138 (T. D. 32396).

[Reversed.]

*William L. Wemple*, Assistant Attorney General (*Martin T. Baldwin*, special attorney, on the brief), for the United States.
*Lester C. Childs* for appellees.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MARTIN, Judge, delivered the opinion of the court:

The merchandise involved in this case consists of a bench lathe with an iron stand and treadle. When in use the machine is operated exclusively by force applied to the treadle by the foot of the operator.

[1] Reported in T. D. 33164 (24 Treas. Dec., 164.)

The collector assessed the importation at 45 per cent ad valorem as a manufacture of metal under the provisions of paragraph 199 of the tariff act of 1909.

The importers protested against that classification, claiming assessment of the article at 30 per cent ad valorem as a machine tool within the terms of paragraph 197 of the act.

The protest of the importers was sustained by the Board of General Appraisers, from which decision the Government now appeals.

In the case of Sears, Roebuck & Co. v. United States (2 Ct. Cust. Appls., 329; T. D. 32055) this court held that the term "machine tool" "always connotes the application of some kind of power to an implement or tool for its use and operation other than hand power alone."

In the later case of the United States v. Knauth, Nachod & Kuhne (3 Ct. Cust. Appls., 419; T. D. 32999), this court, speaking by Barber, Judge, held:

Power other than the hand of the operator means other motive power than that of the operator used to drive, propel, or operate the machine, amongst which are steam or water power. The multiplication of the power of the operator by mechanical devices is not such other motive power.

These cases dispose of the issue at bar. The term "hand power" as therein used includes foot power; and both fall within the same rule, in case the action of the operator alone furnishes the motive power for the machine.

In conformity with this rule the decision of the board is *reversed*.