GALLAGHER & ASCHER *v.* UNITED STATES (No. 991).[1]

MEAT-SLICING MACHINES NOT MACHINE TOOLS.

These meat-slicing machines, whether operated by hand power or otherwise, are not used in mechanical work; they are not used upon wood, metal, or stone, and so are not to be regarded as machine tools. They were properly assessed as manufactures of metal not specially provided for under paragraph 199, tariff act of 1909.—Sears, Roebuck & Co. *v.* United States (2 Ct. Cust. Appls., 329; T. D. 32055); United States *v.* Georgia Pulp & Paper Manufacturing Co. (3 Ct. Cust. Appls., 410; T. D. 32998).

United States Court of Customs Appeals, February 1, 1913.

APPEAL from Board of United States General Appraisers, Abstract 29404 (T. D. 32751).

[Affirmed.]

*Lester C. Childs* for appellants.

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, of counsel), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise involved in these protests is described by the Board of General Appraisers in its opinion as follows:

The articles here are machines for slicing meats. This slicing arrangement is a machine knife, as opposed to a hand knife, and in it the meat is cut by a disk-shaped revolving knife, either hand operated or fitted so as to be power driven.

The report of the appraiser describes them as "Berkel's patent hand-operated automatic meat-slicing machines," with other apt words of description which are similar to those employed in the opinion of the board, and no question is made as to the correctness of these descriptions. The machines are used in butcher shops, restaurants, and perhaps other places for the purpose of slicing meats and contain a mechanism by the operation of which the circular knife used in cutting the meats may be sharpened.

---

[1] Reported in T. D. 33168 (24 Treas. Dec., 180).

We understand from the record that the exhibits to which the evidence relates were in fact operated by hand power, although constructed so as to permit the application of other power.

They were assessed by the collector as manufactures of metal not specially provided for under paragraph 199 of the act of 1909, and are claimed to be dutiable by the importers under paragraph 197 of the same act as "machine tools."

There is here no question of commercial designation.

The Board of General Appraisers overruled the protests. Considerable testimony was taken in the case, but it seems to be unnecessary to especially refer to the same.

The main contention of the importers is that the term "machine tools," as used in paragraph 197, is purely descriptive, not used in a commercial sense, and designed to include all tools operated by the use of mechanical appliances; in other words, all machine-driven tools.

But the questions raised in this case have already been disposed of by this court adversely to the appellants' contentions.

In the case of Sears, Roebuck & Co. *v.* United States (2 Ct. Cust. Appls., 329; T. D. 32055), which involved steel hair clippers commonly used by barbers, it was held that the term "machine tools" "always connotes the application of some kind of power to an implement or tool for its use and operation other than hand power alone," and further, that the term "seems rather to apply to such tools only as are used in mechanical work dealing with wood, metal, or stone."

In the case of United States *v.* Georgia Pulp & Paper Manufacturing Co. (3 Ct. Cust. Appls., 410; T. D. 32998) we had occasion to fully examine the question of what were "machine tools" within the meaning of that term as used in paragraph 197, and upon consideration held that the views announced in the Sears-Roebuck case, *supra,* would be adhered to.

It is true that the Georgia Pulp & Paper case, *supra,* involved the question of commercial designation and was mainly disposed of on that issue, but the opinion especially refers with approval to the decision in the Sears-Roebuck case.

These meat-slicing machines, whether operated by hand power or otherwise, are not used by the artisan in mechanical work, and hence fall outside the definition of "machine tools" adopted by this court. Neither do they operate upon wood, metal, or stone, nor are they designed for such operations.

It seems unnecessary, in view of the interpretation we have given to the paragraphs under consideration, to here make further reference thereto or at greater length to discuss any question raised in this case.

The judgment of the Board of General Appraisers is *affirmed.*