JOHNSON & CO. *v.* UNITED STATES (No. 978).[1]

TOOLS OPERATED BY HAND POWER NOT MACHINE TOOLS.

It satisfactorily appears that these machines are operated by hand power. They can not, accordingly, be deemed machine tools.—Sears, Roebuck & Co. *v.* United States (2 Ct. Cust. Appls., 329; T. D. 32055).

United States Court of Customs Appeals, March 21, 1913.

APPEAL from Board of United States General Appraisers, Abstract 28936 (T. D. 32655). [Affirmed.]

*Hatch & Clute* (*Edward S. Hatch* and *Walter F. Welch* of counsel) for appellants.

*William L. Wemple,* Assistant Attorney General (*Charles E. McNabb,* assistant attorney, of counsel; *Martin T. Baldwin,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

DE VRIES, Judge, delivered the opinion of the court:

This importation was assessed for duty as a manufacture of metal under the provisions of paragraph 199 of the tariff act of 1909. Con-

---

[1] Reported in T. D. 33309 (24 Treas. Dec., 495).

tention is made by the importers, who are appellants here, that the merchandise is properly dutiable as "machine tools" under the provisions of paragraph 197 of said act.

The articles are so-called "pantograph machines." A description thereof and the conclusions of the board upon the issues presented in the case are stated in the following excerpt from their opinion:

These machines are used to trace designs on rollers to be used in calico printing. They operate on the principle of a pantograph and transfer the engraved design of a zinc plate to a roller preparatory to etching. The roller is coated with a wax or varnish substance and the machine scratches the pattern through the coating of the roller, leaving the parts of the roller where the points are drawn so as to penetrate the wax or varnish exposed to the acid in the etching trough. This tracing or drawing mechanism does not cut into the metal, and we do not regard it as within the meaning of the term "machine tools."

This court, in United States v. Georgia Pulp & Paper Manufacturing Co. (3 Ct. Cust. Appls., 410; T. D. 32998), and in United States v. Knauth, Nachod & Kuhne (3 Ct. Cust. Appls., 419; T. D. 32999), and in Gallagher & Ascher v. United States (3 Ct. Cust. Appls., 520; T. D. 33168), following the previous decision of this court in Sears, Roebuck & Co. v. United States (2 Ct. Cust. Appls., 329; T. D. 32055), held that the term "machine tools" did not apply to machines which are operated by hand power, and applied further limitations to that term as used in the tariff act which are here unnecessary of repetition.

It satisfactorily appears from this record that these machines are operated by hand power, so called. This case, therefore, is on all fours with the Sears, Roebuck & Co. and Gallagher & Ascher cases, which are clearly within all the recognized authorities of what is a machine tool.

In accordance with that opinion the decision of the Board of General Appraisers is *affirmed*.