## FAVOR, RUHL CO. *v.* UNITED STATES (No. 873).[1]

HAND-POWER MACHINES.

These appliances for sharpening pencils are admittedly hand-power machines, and they are not commonly or popularly regarded as machine tools. They were dutiable as manufactures of metal not specially provided for under paragraph 199, tariff act of 1909.

### United States Court of Customs Appeals, May 29, 1913.

APPEAL from Board of United States General Appraisers, Abstract 27821 (T. D. 32297).

[Affirmed.]

*B. A. Levett* for appellants.

*William L. Wemple,* Assistant Attorney General (*Martin T. Baldwin,* special attorney, on the brief), for the United States.

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

This appeal raises the question of the duty which should be imposed on portable machines for sharpening lead pencils. The machine in issue consists of a sliding socket which holds the pencil while it is pressed against a wheel with cutting edges. The wheel is revolved by a system of cogs connected with a hand crank. The machines, which are hand-power machines, weigh from 6 to 8 pounds each, and when in use are screwed to a table or other support.

The collector of customs at the port of New York classified the goods as manufactures wholly or in part of metal, not specially provided for, and assessed them for duty at 45 per cent ad valorem under the provisions of paragraph 199 of the tariff act of 1909, which paragraph reads as follows:

199. Articles or wares not specially provided for in this section, composed wholly or in part of iron, steel, lead, copper, nickel, pewter, zinc, gold, silver, platinum, aluminum, or other metal, and whether partly or wholly manufactured, forty-five per centum ad valorem.

The importers protested that the goods were machine tools, and therefore dutiable at 30 per cent ad valorem under paragraph 197, which, in part, reads as follows:

197. Cash registers, jute manufacturing machinery, linotype and all typesetting machines, machine tools, printing presses, sewing machines, typewriters, and all steam engines, thirty per centum ad valorem; * · * *.

---

[1] Reported in T. D. 33513 (24 Treas. Dec., 945).

The Board of General Appraisers overruled the protest and the importers appealed.

There was no attempt to show that the goods were commercially known as machine tools, and the sole issue to be determined is whether they are machine tools within the ordinary meaning of that term. These appliances are admittedly hand-power machines and not commonly or popularly regarded or known as machine tools. Sears, Roebuck & Co. *v.* United States (2 Ct. Cust. Appls., 329; T. D. 32055); United States *v.* Georgia Pulp and Paper Manufacturing Co. (3 Ct. Cust. Appls., 410; T. D. 32998); United States *v.* Knauth, Nachod & Kuhne *et als.* (3 Ct. Cust. Appls., 419; T. D. 32999).

The decision of the Board of General Appraisers is *affirmed.*