UNITED STATES *v.* McKESSON & ROBBINS (No. 1645).[1]

1. STAR ANISE SEED, HOW CLASSIFIABLE.

The crude seed of the star anise, a plant totally different from the anise, is not dutiable as "anise seed"; or, its oil being obtained by distillation and not expression, as "other oil seeds," under paragraph 212, tariff act of 1913; but admissible free as "drugs, such as * * * seeds (aromatic, not garden seeds), * * * which are natural and uncompounded drugs and not edible * * * and are in a crude state," under paragraph 477.

2. N. S. P. F. CLAUSE IN EACH OF TWO COMPETING PARAGRAPHS, EFFECT OF.

The presence of the n. s. p. f. clause in each of two competing paragraphs leaves their relative applicability the same as if these words had not been employed.

[1] Reported in T. D. 36257 (30 Treas. Dec., 466).

United States Court of Customs Appeals, March 9, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7791 (T. D. 35797).

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Robert Hardison*, special attorney, of counsel), for the United States.

*Hatch & Clute* (*Edward S. Hatch* and *Walter F. Welch* of counsel) for appellees.

[Oral argument Feb. 17, 1916, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The importation involved here is star anise seed, also indifferently written "star aniseed." It is in the form of a thin, dried fruit, about an inch in diameter, is in the shape of a star, in each point of which is to be found one seed. It was assessed for duty under paragraph 212 of the act of 1913 as anise seed. This term is also properly written "aniseed." The assessment was protested upon the ground that it was entitled to free entry under paragraph 477. Upon hearing the Board of General Appraisers sustained the protest.

We quote here the material part of paragraphs 212 and 477:

212. Seeds: Castor beans or seeds; * * * flaxseed or linseed and other oil seeds not specially provided for in this section, * * *; anise seed, * * *; seeds of all kinds not specially provided for in this section, * * *.

477. Drugs, such as barks, beans, berries, buds, bulbs, * * * fruits, flowers, * * * grains, * * * herbs, * * * vegetables, seeds (aromatic, not garden seeds), * * * weeds; any of the foregoing which are natural and uncompounded drugs and not edible and not specially provided for in this section, and are in a crude state, not advanced in value or condition by shredding, grinding, chipping, crushing, or any other process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture; * * *.

Claim was also made by the importers before the board under paragraph 27, but it is not urged here. There is no question of commercial designation in the case.

The Government, appealing, claims that the commodity is more specifically provided for either by the term "anise seed" or by the term "other oil seeds" in paragraph 212 and that it is not a drug for the purposes of classification under paragraph 477.

The only testimony before the board was from a witness who testified on behalf of the importers, who are wholesale druggists and manufacturing chemists. He testified that the merchandise was a crude product, aromatic, not edible, used mainly for the distillation of the oil contained therein; that his firm sold it mainly to distillers and to people to make up veterinary remedies. He produced a sample of anise seed which he said was used for culinary purposes, flavoring, and to some slight extent for medicinal purposes; that his firm han-

dled it and sold the same to druggists, bakers, and other dealers; that the odor and flavor of the two were very similar; that it was not ordinarily commercially profitable to distill anise seed because it yielded too small an amount of oil; that the oil from both seeds was used for flavoring purposes; that when used for flavoring it was generally the essence and not the oil that was so employed; that practically all the anise seed oil of commerce was made from the star anise seed. When asked by the general appraiser, "Are they both used by druggists in medicine?" he answered, "Not for medicine; they are not used by druggists at all, only used by manufacturers. It is only this real seed that the druggists use." He also said that star anise seed came from a tree growing in China called the *Illicium anisatum;* that the anise seed came from a very small plant belonging to the *Umbeilliferæ* or *Pimpinella* family; that the two plants belonged to entirely different families; and that a delivery of star anise' seed would not in trade be regarded as a good delivery for anise seed.

The board found upon the evidence in connection with what is stated in the National Standard Dispensatory that the two seeds had been recognized at the time of the passage of the act under different names and were distinguishable from each other in shape, form, growth, name, and quite largely in use, and that the term "anise seed" in paragraph 212 was not intended to cover star anise seed. which it found to be an aromatic seed, not edible, and not a garden seed.

The merchandise is in its crude form. Counsel treat the dried fruit and seed as seed only, and we have therefore, for the purposes of this case, so regarded them.

It may be that the evidence of record leaves something to be desired upon the question of whether this star anise seed is or is not a drug. within the contemplation of paragraph 477, but it is clear that it is not edible and that it is a seed (aromatic and not a garden seed). Upon the record we would hesitate to reverse the finding of the board that the merchandise was classifiable under paragraph 477 in view of the fact that standard authorities seem to support the proposition that it is a drug as that word is used in the paragraph.

The fact that anise seed and star anise seed come from different families, as testified by the witness, is well established by the authorities. The anise plant is an annual, easily grown from seeds in any warm and mellow soil, reaching a height of about 2 feet and yielding small, oblong, curved seeds ribbed on the convex side. The star anise is a small tree or shrub having thick, short-petioled, entire evergreen leaves, some species of which are found in this country. The trees or shrubs reach a height of 6 to 10 feet, and the seeds are about the size of and somewhat resemble the apple seed, although

perhaps a little wider in proportion to their length. These seeds or products derived therefrom are said to be carminative and stomachic, and are also used to aromatize liquors and cordials. See Bailey's "Cyclopedia of American Horticulture" (vol. 1, pp. 67, 68, and vol. 2, p. 799); also Century Dictionary; also the United States Dispensatory (19th edition, p. 145). That both the anise and star anise seeds are considered as drugs in the sense that they are used to impart therapeutic properties to medicines is indicated not only by some of the authorities already cited but also by the Pharmacopœia of the United States (8th Decennial Revision, pp. 46, 52, 307, and 417), where some methods of their preparation are stated and the dosages given.

The fact that each of the quoted paragraphs contains the words "not specially provided for" leaves their relative applicability the same as if these words had not been employed. In view of the fact that these seeds are the product of such different plant life, that the seeds themselves possess such unlike characteristics in their physical appearance and are so differently regarded, as shown by the testimony and by the authorities referred to, we think the board was right in saying that Congress did not intend by the term "anise seed" in paragraph 212 to refer to star anise seed. We are not impressed with the argument that the expression "other oil seeds" in the first part of paragraph 212 was intended to cover those involved here. The castor beans or seeds and the flaxseed or linseed therein provided for are apparently those from which oil is expressed but not distilled, and would hardly seem to cover seeds the oil from which was obtained by the processes of distillation, while the provision in paragraph 477 for seeds (aromatic, not garden seeds) is closely descriptive of these star anise seeds, and more explicitly describes them than does the mentioned term "other oil seeds," or the expression "seeds of all kinds not specially provided for," used in the last part of paragraph 212.

Further than this, we think "drugs" in the sense that word is used in paragraph 477 includes, when the same are in a crude condition, vegetable products used as medicines or ingredients thereof or of chemical compositions used in the arts. Manifestly the substances therein referred to must, in many if not all cases, receive treatment before they can be applied to such uses, among which may be, if necessary, the process of distillation to obtain the medicinal principle; hence we disagree with the contention of the Government that these star anise seeds are not natural and uncompounded drugs within the paragraph.

The judgment of the Board of General Appraisers is *affirmed.*