UNITED STATES *v.* TAPPENBECK (No. 1646).[1]

1. OBJECTION TO PROTEST, WHEN TO BE MADE.

When originating in this court, an objection to the sufficiency of a protest comes too late.

2. SUFFICIENCY OF PROTEST—REFERENCE BY NUMBER TO WRONG PARAGRAPH.

A protest which shows what claim is made and has not misled the collector is not rendered insufficient by a numerical reference to a paragraph obviously not intended.

3. STAR ANISE SEED, HOW CLASSIFIED.

Crude star anise seed, following United States *v.* McKesson & Robbins (7 Ct. Cust. Appls., 13; T. D. 36257), decided concurrently herewith, is not dutiable as "anise seed," under paragraph 212, tariff act of 1913, but admissible free under paragraph 477.

## United States Court of Customs Appeals, March 9, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7791 (T. D. 35797).

[Affirmed.]

*Bert Hanson*, Assistant Attorney General (*Robert Hardison*, special attorney, of counsel), for the United States.

Submittted on record by appellee.

[Oral argument Feb. 17, 1916, by Mr. Hanson.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

BARBER, Judge, delivered the opinion of the court:

The merchandise in this case is identical with that involved in United States *v.* McKesson & Robbins (7 Ct. Cust. Appls., 13; T. D. 36257), in which opinion is handed down concurrently herewith, the two cases having been heard together in this court. The importer presents neither brief nor oral argument here.

While the testimony of record varies a little from that in the companion case it is sufficient to support the same conclusion that the board reached in that case, and its opinion in each case is the same.

For the reasons stated in our decision in the other case the judgment below must be affirmed here unless the contention of the Government that the protest is insufficient is upheld.

The assessment of the merchandise here was as anise seed not specially provided for under paragraph 212 of the act of 1913. The protest claimed error in that, as it states, the merchandise "is used exclusively in the preparation of drugs and medicines * * * and should be admitted free of duty under paragraph 27 of the tariff act of October, 1913."

We have examined the record with scrupulous care and find therein no suggestion that before the board the Government claimed that the protest was insufficient and no reference to or consideration of such a

---

[1] Reported in T. D. 36258 (30 Treas. Dec., 470).

question is found in the board's opinion.    For this reason we would be reluctant to consider such a question raised here for the first time. Further than this, it is obvious that no claim for free entry can be made under paragraph 27, which is the complement of paragraph 477 of the act of 1913.    The chief differences between the two are that in the first a duty of 10 per cent ad valorem is assessed upon the same merchandise named in the second, if it be advanced in value or condition by shredding, grinding, chipping, crushing, or any other process or treatment whatever beyond that essential to the proper packing of the drugs and the prevention of decay or deterioration pending manufacture.    The absence of this advancement is the prerequisite of free entry under paragraph 477.    The protest, as above quoted, clearly calls the attention of the collector to the importer's claim that the merchandise is used in the preparation of drugs and medicines and entitled to free entry.    This ought to have (and there is no suggestion upon the record that it did not) called the collector's attention to the real claim of the importer, which was for free entry as a crude drug, and must, therefore, refer the claim, so far as we are advised, to paragraph 477.

In this view it would seem, if we felt compelled to rest our decision upon this issue, that the reference to paragraph 27 was an obvious mistake and that the protest, as a whole, shows the claim in the mind of the importer at the time he made his protest and did not mislead the collector in that regard.

The judgment of the Board of General Appraisers is *affirmed.*